IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Respondent,　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　　Case No. 08-CR-119-GKF
　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
JEFFERY ALLEN RAVELLETTE,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　)

## OPINION AND ORDER

The petitioner, Jeffery Allen Ravellette ("Ravellette"), appears *pro se* in this matter and asks this court to 1) reopen the case, 2) dismiss the indictment, and 3) appoint him counsel. (Dkt. #31). Because Ravellette moves *pro se*, the court construes his pleadings liberally. *See United States v. Warner*, 23 F.3d 287, 290 (10th Cir. 1994). After liberal construction of the pleadings, the court finds that Ravellette is not entitled to have his case reopened, the indictment dismissed, or counsel appointed to him. The court furthermore declines to treat Ravellette's petition as a §2255 motion.

### I. BACKGROUND

On October 15, 2008, Ravellette pleaded guilty, with a written plea agreement (Dkt. #22), to one count of possession with intent to distribute 500 grams or more of methamphetamine, and another count for possession of a firearm in furtherance of a drug trafficking crime. On January 16, 2009, this court sentenced Ravellette to terms of 33 and 60 months of confinement to run consecutively. (Dkt. #29).

Ravellette now moves to have his sentence vacated or set aside on the grounds that two of the law enforcement officers involved in his arrest, Jeff Henderson and Bill Yelton, have been implicated in a police corruption scandal. (Dkt. #31, p.2).  Ravellette also alleges that the government informant in his case, Terry Shannon Largent, planted the drugs and guns which Ravellette was pleaded guilty to possessing. (*Id.*)  Ravellette alleges that his guilty plea was due to the advice of his counsel that he stood only a 5% chance of being acquitted if he went to trial. (*Id.* at 3-4).

## II.  MOTION TO REOPEN THE CASE OR DISMISS THE INDICTMENT

There is no procedural mechanism under which Ravellette may, under the facts he currently alleges, successfully move to reopen this case or dismiss the indictment because the new evidence that he relies upon in his motion is merely impeaching, and does not tend to show his innocence. Ravellette does not bring his motion under a specific rule, but this court liberally construes his pleadings as a motion for a new trial under Federal Rule of Criminal Procedure 33.  Rule 33, however, is inapplicable when the defendant has pleaded guilty. *U.S. v. Calabaza*, 158 F. App'x 968, 969 (10th Cir. 2005); *U.S. v. Lambert*, 603 F.2d 808, 809 (10th Cir. 1979).

To challenge a guilty plea due to newly discovered evidence, the proper procedural mechanism would be to file a habeas corpus motion under 28 U.S.C. §2255.  The court declines to construe Ravellette's motion as a §2255 motion because once a §2255 motion has been filed and rejected, it "may make it significantly more difficult for that litigant to file another such motion." *Castro v. U.S.*, 540 U.S. 375, 382 (2003).  The court does not commit itself to any ruling on a potential future §2255 motion, but it notes that such motions are typically unsuccessful when the

only new evidence raised is impeachment evidence, and not evidence that goes directly to innocence or guilt. *See U.S. v. Combs,* 267 F.3d 1167, 1177 (10th Cir. 2001); *U.S. v. Brewster*, 630 F.2d 795 (10th Cir. 1980).

### *III.  APPOINTMENT OF COUNSEL*

Ravellette is not entitled to an attorney in a collateral attack upon his conviction, and this court declines to appoint counsel when he has raised only new impeachment evidence and no evidence that goes directly to his guilt or innocence.  The Supreme Court has "never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions." *Penn. v. Finley*, 481 U.S. 551, 555 (1990).  "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Id.*  Ravellette requests an attorney to "further develop the issues."  (Dkt. #31, p.4).  However, Ravellette has not raised any new evidence that relates directly to his guilt or innocence from which an attorney could develop a further record.  Ravellette has presented no evidence that the drugs and guns found in the car he was driving were not his.  A mere assertion by Ravellette that the drugs and firearms were planted by a police informant is not new evidence.  Evidence that some of the officers involved in his arrest were implicated in illegal behavior in other cases is not direct evidence of any impropriety in this case, it is only impeachment evidence.  Appointment of counsel would be inappropriate when there is no factual dispute to develop.

WHEREFORE the Motion to Reopen the Case, to Dimiss Indictment, or Appoint Appoint Counsel (Dkt. #31) is denied.

IT IS SO ORDERED this 8th day of December, 2010.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma